NESENOFF & MILTENBERG, LLP
**Diana Warshow, Esq. (Atty ID: 021582008)**
**Andrew T. Miltenberg, Esq.**
*(pro hac vice admission pending)*
**Stuart Bernstein, Esq.**
*(pro hac vice admission pending)*
**NESENOFF & MILTENBERG, LLP**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**212.736.4500**
dwarshow@nmllplaw.com
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
*Attorneys for Plaintiff John Doe*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------X
JOHN DOE,                                             :     Civil Action No. 3:22-cv-03283
                                                      :
                    Plaintiff,                        :
                                                      :
         v.                                           :
                                                      :
THE COLLEGE OF NEW JERSEY,                            :
and KATHRYN FOSTER,                                   :
                                                      :
                    Defendants.                       :
---------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
<u>**MOTION FOR RECONSIDERATION**</u>

# TABLE OF CONTENTS

I.  Factual Summary of the Allegations of the Complaint ............................................................ 1

II.  Legal Standards ....................................................................................................................... 3

   A.  The Legal Standard for a Motion for Reconsideration ..................................................... 3

   B.  The Legal Standard for Permitting Plaintiffs to Proceed Under Pseudonym ................. 4

III.  Argument ................................................................................................................................ 5

   A.  Similarly Situated Plaintiffs Are Routinely Permitted to Proceed as a Pseudonym in Courts Across the United States, Including This Court ............................................................. 5

   B.  The Magistrate Judge Erred in Holding That the Second Factor Weighs Against Plaintiff ......................................................................................................................................... 7

   C.  The Magistrate Judge Erred in Holding That the Third Factor Weighs Against Anonymity .................................................................................................................................... 9

IV.  Conclusion ............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

Bragdon v. Abbott, 524 U.S. 624 (1998) .......................................................................................... 10

Cataldo v. Moses, 361 F. Supp. 2d 420, 432 (D.N.J. 2004) .............................................................. 4

Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949) ................................................. 11

Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978) .............................................................. 11

Doe ex rel. Doe v. Baxter Healthcare Corp., 178 F. Supp. 2d 1003 (S.D. Iowa 2001), aff'd sub nom. Doe v. Baxter Healthcare Corp., 380 F.3d 399 (8th Cir. 2004) ......................................... 10

Doe v. Amherst Coll., ECF No. 1:15-cv-30097, ECF No. 16 (D. Mass. June 30, 2015) ................ 7

Doe v. Amherst College, 238 F.Supp.3d 185 (D. Mass. 2017) ........................................................ 6

Doe v. Arts, 360 N.J. Super. 492 (App. Div. 2003) ........................................................................ 10

Doe v. Brandeis Univ., 177 F.Supp.3d 561 (D. Mass. 2016) .......................................................... 7

Doe v. Brandeis Univ., No. 1:15-cv-11557, ECF No. 28 (D. Mass. June 17, 2015) ....................... 7

Doe v. Brown Univ., 166 F.Supp.3d 177 (D.R.I. 2016) .................................................................. 7

Doe v. Columbia, 831 F.3d 46 (2d Cir. 2016) ................................................................................. 6

Doe v. Cty. of Ctr., PA, 242 F.3d 437 (3d Cir. 2001) ..................................................................... 10

Doe v. Deer Mountain Day Camp, Inc., 682 F. Supp. 2d 324 (S.D.N.Y. 2010) ........................... 10

i

Doe v. Delie, 257 F.3d 309 (3d Cir. 2001) .................................................................................. 10

Doe v. Grinnell Col;., 2017 WL 11646145 (S.D. Iowa July 10, 2017) ......................................... 7

Doe v. Harvard Univ. et. al., No. 1:18-cv-12150-IT, ECF No. 8 (D. Mass. Nov. 7, 2018) ........... 7

Doe v. Harvard Univ., 462 F.Supp.3d 51 (D. Mass. 2020) .......................................................... 6

Doe v. Lynn Univ., Inc., 224 F.Supp.3d 1288 (S.D. Fla. 2016) ..................................................... 7

Doe v. Massachusetts Inst. of Tech., 46 F.4th 61 (1st Cir. 2022) ................................................... 6

Doe v. Megless, 654 F.3d 404 (3d Cir. 2011)………………………………………………passim

Doe v. Miami, 882 F.3d 579 (6th Cir. 2018) .................................................................................. 6

Doe v. Middlesex Count, New Jersey, 2021 WL 130480 (D.N.J. Jan 28, 2018) .................. passim

Doe v. Oberlin, 963 F.3d 580 (6th Cir. 2020).................................................................................. 6

Doe v. Princeton Univ., 2020 WL 3962268, at *6 (D.N.J. July 13, 2020)............................ passim

Doe v. Purdue Univ., 321 F.R.D. 339 (N.D. Ind. 2017) ................................................................ 6

Doe v. Purdue Univ., 928 F.3d 652 (7th Cir. 2019) ....................................................................... 6

Doe v. Rider Univ., 2018 WL 3756950 at *8 (D.N.J. 2018) .......................................................... 8

Doe v. Rollins Coll., 2020 WL 8409325 (M.D. Fla. July 13, 2020) ............................................. 6

Doe v. Stonehill Coll. Inc., 2021 WL 706228 (Feb. 23, 2021)....................................................... 6

Doe v. Stonehill Coll. Inc., No. 1:20-cv-10468, ECF No. 6 (D. Mass. Mar. 10, 2020) ................. 7

Doe v. Trs. of Boston Coll, No. 1:15-cv-10790, ECF No. 17 (D. Mass. June 23, 2015) ............... 7

Doe v. Trs. of Boston Coll., No. 1:19-cv-11626, ECF No. 34 (D. Mass. Aug. 20, 2019) ......... 6, 7

Doe v. Trustees Univ. Pennsylvania, 270 F. Supp.3d 799 (E.D. Pa. 2017).................................... 7

Doe v. Univ. of Arkansas-Fayetteville, 974 F.3d 858 (8th Cir. 2020) ........................................... 6

Doe v. Univ. of Cincinnati, 2018 WL 1521631 (S.D. Ohio Mar. 28, 2018) .................................. 6

Doe v. University of Denver, 1 F.4th 822 (10th Cir. 2021)............................................................. 6

Doe v. University of Sciences, 961 F.3d 203 (3d Cir. 2020).......................................................... 6

Doe v. Vassar College, 2019 WL 6222918 (Dec. 21, 2019) ......................................................... 6

Doe v. Washington and Lee Univ., 473 F.Supp.3d 909 (W.D. Va. 2015) ..................................... 7

Doe v. Williams Coll., No. 3:20-cv-30024, ECF No. 7 (D. Mass. Feb. 21, 2020)......................... 7

Johnson v. Temple Univ., Civ. No. 12-515, 2013 WL 5298484 (E.D. Pa. Sept. 19, 2013)............ 9

Jones v. OSS Orthopaedic Hosp., Docket No. 16-CV-1258, 2016 WL 3683422, at *2 (M.D. Pa. July 12, 2016).......................................................................................................................... 10

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).......... 4

Mitchell v. Twp. of Willingboro Municipality Gov't, 913 F. Supp. 2d 62 (D.N.J. 2012) .............. 4

United States v. Jerry, 487 F.2d 600 (3d Cir. 1973) ....................................................................... 3

**Rules**

Federal Rule of Civil Procedure 54(b) ........................................................................................ 3,4

# INTRODUCTION

Plaintiff John Doe ("Plaintiff"), by his attorneys Nesenoff & Miltenberg, LLP, respectfully submits this Memorandum of Law in support of Plaintiff's Motion for Reconsideration of the Court's denial of Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 19), and upon reconsideration, requests that the Court grant the Motion to Proceed Under Pseudonym for both "John Doe" (the university respondent and Plaintiff here) and "Jane Roe" (the university complainant) and for a protective order against disclosure by any party of the real names of "John Doe" and "Jane Roe."

## I. Factual Summary of the Allegations of the Complaint

The complete facts underlying this litigation are set forth fully in Plaintiff's Complaint, filed simultaneously with the instant motion and incorporated herein by reference. For the Court's convenience, a summary of the relevant facts follows.

Plaintiff matriculated to The College of New Jersey ("TCNJ") in 2017 and had an expected graduation date of May 2021. Compl. ¶ 46. Plaintiff shared a dorm room with Witness 3 during the 2017-2018 school year. Compl. ¶ 47. Jane Roe would often visit Plaintiff's dorm room as she was friends with Witness 3. Compl. ¶ 48. On or around September 30, 2017, Plaintiff, Roe, and Witness 3 spent time together in Plaintiff's dorm room. Compl. ¶ 50. Witness 3 left the dorm room to attend a party, and Roe remained in the dorm room with Plaintiff. Compl. ¶¶ 51-52. Plaintiff and Roe engaged in casual conversation, and then Roe walked over and sat on Plaintiff's bed, where the two engaged in mutual kissing. Compl. ¶¶ 54-55. Roe then voluntarily performed oral sex on Plaintiff, and then Plaintiff and Roe fell asleep in Plaintiff's bed. Compl. ¶¶ 56-58. The next morning, after waking up, Plaintiff and Roe again engaged in consensual kissing, and Plaintiff asked Roe if she wanted to have sexual intercourse, and Roe said yes. Compl. ¶¶ 59-60. Plaintiff and Roe then engaged in sexual intercourse, in which Roe was an active and consenting

participant. Compl. ¶¶ 61-62. Plaintiff and Roe maintained a cordial relationship afterwards, and Roe even helped Plaintiff with his homework assignments in the course that they were in together during the Fall of 2018. Compl. ¶¶ 64-65.

About one month after the sexual encounter, Roe began dating Witness 1. Compl. ¶ 67. On information and belief, Roe fabricated allegations of sexual assault to Witness 1 so that he would not find out that Roe engaged in consensual sexual intercourse with Plaintiff. Compl. ¶ 68. Roe brought her allegations to TCNJ's Title IX office on September 6, 2018, but rescinded her complaint on September 27, 2018. Compl. ¶¶ 71-76. Roe did not contact the College regarding the allegations again until three years later, right before Plaintiff's graduation, when she emailed the Title IX Coordinator, Dr. Chelsea Jacoby, that she wanted to reopen the case. Compl. ¶¶ 77-78.

Plaintiff received a Notice of Allegations on May 7, 2021, that did not contain the dates of the alleged violation or the specifics of the alleged encounter. Compl. ¶¶ 83. Plaintiff obtained legal counsel to represent him for the Title IX investigation, who advised Plaintiff to not speak with the College or appear at the hearing. Compl. ¶ 100. Notwithstanding, Roe's statements and allegations contained numerous inconsistencies and factual inaccuracies that did not amount to enough to find Plaintiff responsible by a preponderance of the evidence. Compl. ¶¶ 102-103. For example, Roe claimed that she did not remember critical details such as the date of the incident, how the consensual kissing began, or how she got onto Plaintiff's bed. *Id.* Roe's witnesses also gave statements that directly contradicted the allegations. Compl. ¶ 104.

Plaintiff graduated from the College in May and began working at a major financial institution. Compl. ¶ 121-122. The College held a hearing on October 15, 2021, which Plaintiff did not attend at the advice of his advisor. *Id.* Despite the considerable lack of evidence, Plaintiff received an email on November 5, 2021, notifying him that he had been found responsible for sexual assault and sexual

harassment, and sanctioned him to a two-year suspension through December 22, 2023. Compl. ¶¶ 124-125. Plaintiff then obtained new legal counsel, and appealed the decision and sanction, requesting that the case be reopened for the hearing so that he could have an opportunity to be heard. Compl. ¶¶ 132-133. The College, however, denied Plaintiff's appeal on December 2, 2021. Compl. ¶ 134.

Plaintiff now seeks, through his Complaint, to obtain relief from Defendants' egregious conduct, including expungement of his disciplinary record. These efforts, however, will prove elusive if Plaintiff is forced to proceed under his own name, as the entire purpose of the suit is to dissociate Plaintiff's name from the false and extremely damaging allegations and finding of a disciplinary violation. Accordingly, Plaintiff seeks to proceed pseudonymously.

John Doe, having experienced the losses resulting from having a disciplinary record he did not deserve and not having his diploma that he all but earned, brings this action to rectify the real damage to his life.

## II. Legal Standards

### A. The Legal Standard for a Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) states, in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties …. may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*See also, United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) ("[S]o long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.").

In the District of New Jersey, a motion for reconsideration is proper if the moving party can show: "(1) an intervening change in the controlling law; (2) the availability of new evidence

that was not available when the court granted the [previous] motion …. ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." L. Civ. R. 7.1(i); *see also Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 78 (D.N.J. 2012); *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (reversing district court's refusal to grant reconsideration). See also *Cataldo v. Moses*, 361 F. Supp. 2d 420, 432 (D.N.J. 2004) ("As long as some claims are still pending in a case, a motion for reconsideration may be filed pursuant to Fed. R. Civ. P. 54(b) in order to vacate or revise a prior Order.").

In the instant case, as explained further below, Plaintiff respectfully submits the Magistrate Judge reached a decision that would result in manifest injustice, and which was clearly erroneous on the law. Plaintiff's motion for reconsideration should be granted and the court should grant his request to proceed by pseudonym.

### B. The Legal Standard for Permitting Plaintiffs to Proceed Under Pseudonym

In *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011), the United States Court of Appeals for the Third Circuit held that a party may proceed by way of a pseudonym "if a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings." *Megless,* 654 F.3d at 408. The court acknowledged that "areas where courts have allowed pseudonyms include cases involving abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Id*. (internal quotations and citation omitted). The court noted that district courts had grappled with the balancing test for years, and therefore, set forth a list of non-exhaustive factors to help guide the courts' consideration of such motions. Using these factors, New Jersey District Courts have permitted Plaintiff's to proceed by pseudonym, in similar circumstances as presented in the herein matter, where the issues are "centered on a private and intimate moment" from which "federal and state constitutional rights were violated." *See Doe v.*

4

*Middlesex Count, New Jersey*, 2021 WL 130480 (D.N.J. Jan 28, 2018). *See also Doe v. Princeton*, 2020 WL 3962268 (D.N.J. July 13, 2018).

*In Megless,* the Third Circuit sets forth the following factors to consider in determining whether pseudonym protection is warranted:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically week public interest in knowing the litigant[s'] identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.
>
> *Megless*, 654 F.3d 404, 409 (quoting *Doe v. Provident Life and Acc. Ins. Co.,* 176 F.R.D. 464, 467-68 (E.D.Pa.1997)).

The above six factors weigh in favor of granting anonymity. Factors that weigh against the use of a pseudonym include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is []legitimately motivated.
>
> *Id*. at 409 (quoting *Doe v. Provident Life and Acc. Ins. Co.,* 176 F.R.D. 464, 467-68 (E.D.Pa.1997)).

### III. <u>Argument</u>

#### A. Similarly Situated Plaintiffs Are Routinely Permitted to Proceed as a Pseudonym in Courts Across the United States, Including This Court

Since 2011, courts throughout the United States, including this Court, have routinely granted pseudonym treatment in cases involving alleged sexual misconduct by male students, with pseudonym treatment accorded to both the male university respondent and the female university

5

complainant, recognizing that "exceptional circumstances" exist in cases involving alleged sexual misconduct occurring amongst college aged students. *See Doe v. Middlesex Count*, 2021 WL 130480; *Doe v. Princeton*, 2020 WL 3962268.

Appellate courts across the United States have issued decisions in numerous cases that stemmed from allegations of sexual misconduct, where plaintiffs were likewise permitted to use pseudonyms. *See*, *e.g.*, *Doe v. University of Sciences*, 961 F.3d 203 (3d Cir. 2020); *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61 (1st Cir. 2022); *Doe v. Columbia*, 831 F.3d 46 (2d Cir. 2016); *Doe v. Miami*, 882 F.3d 579 (6th Cir. 2018); *Doe v. Oberlin*, 963 F.3d 580 (6th Cir. 2020); *Doe v. Purdue Univ.*, 928 F.3d 652 (7th Cir. 2019); *Doe v. University of Denver*, 1 F.4th 822 (10th Cir. 2021); *Doe v. Univ. of Arkansas-Fayetteville*, 974 F.3d 858 (8th Cir. 2020).

Furthermore, U.S. District Courts have issued decisions in numerous cases where the relevant court permitted plaintiffs to proceed anonymously in cases that derived from a finding of a violation of the school's sexual misconduct policy. *See, e.g., Doe v. Princeton Univ.,* 2020 WL 3962268, at *6 (allowing a male student plaintiff found responsible through the school's disciplinary process for allegations concerning sexual misconduct to proceed under a pseudonym); *Doe v. Middlesex Count,* 2021 WL 130480 (granting pseudonym status where the "case [was] centered on a private and intimate moment in Doe's life during which, she alleges, her federal and state constitutional rights were violated); *Doe v. Stonehill Coll. Inc.*, 2021 WL 706228 (Feb. 23, 2021); *Doe v. Rollins Coll.*, 2020 WL 8409325 (M.D. Fla. July 13, 2020); *Doe v. Harvard Univ.*, 462 F.Supp.3d 51 (D. Mass. 2020); *Doe v. Vassar College,* 2019 WL 6222918 (Dec. 21, 2019); *Doe v. Trs. of Boston Coll.,* No. 1:19-cv-11626, ECF No. 34 (D. Mass. Aug. 20, 2019); *Doe v. Univ. of Cincinnati*, 2018 WL 1521631 (S.D. Ohio Mar. 28, 2018); *Doe v. Purdue Univ.*, 321 F.R.D. 339 (N.D. Ind. 2017); *Doe v. Amherst College*, 238 F.Supp.3d 185 (D. Mass. 2017); *Doe*

*v. Grinnell Col;.,* 2017 WL 11646145 (S.D. Iowa July 10, 2017); *Doe v. Trustees Univ. Pennsylvania*, 270 F. Supp.3d 799 (E.D. Pa. 2017); *Doe v. Brown Univ.*, 166 F.Supp.3d 177 (D.R.I. 2016); *Doe v. Brandeis Univ.*, 177 F.Supp.3d 561 (D. Mass. 2016); *Doe v. Lynn Univ., Inc.*, 224 F.Supp.3d 1288 (S.D. Fla. 2016); *Doe v. Washington and Lee Univ.*, 473 F.Supp.3d 909 (W.D. Va. 2015); *Doe v. Trs. of Boston Coll*, No. 1:15-cv-10790, ECF No. 17 (D. Mass. June 23, 2015); *Doe v. Brandeis Univ.*, No. 1:15-cv-11557, ECF No. 28 (D. Mass. June 17, 2015); *Doe v. Amherst Coll.*, ECF No. 1:15-cv-30097, ECF No. 16 (D. Mass. June 30, 2015); *Doe v. Harvard Univ. et. al.*, No. 1:18-cv-12150-IT, ECF No. 8 (D. Mass. Nov. 7, 2018); *Doe v. Trs. of Boston Coll.*, No. 1:19-cv-11626, ECF No. 34 (D. Mass. Aug. 20, 2019); *Doe v. Williams Coll.*, No. 3:20-cv-30024, ECF No. 7 (D. Mass. Feb. 21, 2020); and *Doe v. Stonehill Coll. Inc.*, No. 1:20-cv-10468, ECF No. 6 (D. Mass. Mar. 10, 2020).

### B. The Magistrate Judge Erred in Holding That the Second Factor Weighs Against Plaintiff

The Magistrate Judge erred in holding that the Second Factor delineated in *Megless*, 654 F.3d 404, 409, was not met. Courts in the District of New Jersey have held that the Second Factor, requiring a Plaintiff to establish the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases, is sufficiently established where the facts underlying the Plaintiff's claims are "centered on a private and intimate moment" from which "federal and state constitutional rights were violated," and the fear arises from such accusations and findings. *Doe v. Middlesex Count,* 2021 WL 130480.

Here, Plaintiff's claims for relief by their very nature contain details of a highly sensitive and intimate nature—namely the sexual relationship between John Doe and Jane Roe. Plaintiff does not simply highlight that the disclosure of his name would result in public humiliation or embarrassment, as this Court suggests in its decision. Instead, Plaintiff highlights the extremely

7

sensitive nature and privacy issues that could be associated with being falsely linked to an allegation of sexual misconduct. To that end, Plaintiff alleges that his federal constitutional rights were violated by the Defendant when it discriminated in finding him responsible for sexual assault, stemming from this sexual relationship. The nature of consensual sexual relationship and the allegations of sexual assault stemming therefrom are such that Plaintiff will suffer extreme harm throughout his lifetime.

Moreover, the cases relied upon by this Court in finding that this factor weighs against Plaintiff is distinguishable. In *Doe v. Rider*, the court's ruling ascribed particular weight to the perceived inequity of permitting plaintiff to proceed anonymously after his counsel had spoken to a member of the media about the case. *Doe v. Rider Univ.*, 2018 WL 3756950 at *8 (D.N.J. 2018). ("When a plaintiff willingly engages in disclosing information to the media about a case, this factor weighs against granting permission for the plaintiff to proceed anonymously."). In the instant case, there has been no contact with the media, and Doe has not sought any attention on the matter. Moreover, in the *Rider* case, the university opposed the motion and expressly claimed it would be prejudiced by having to defend itself while plaintiff was permitted to remain anonymous. *Rider*, 2018 WL 3756950 at *8. In the instant case, TCNJ asserts no such inequity or prejudice. Accordingly, two of the most heavily weighted factors in *Rider* are not applicable here.

In *Doe v. Temple*, the court noted that Plaintiff "chose not to appeal Temple's decision internally, an option that would have limited public disclosure of his identity." *Temple.*, 2014 WL 4375613 at *2. The court thus held that "Doe's choice comes with a consequence." *Ibid.* In the instant matter, Plaintiff has exhausted all internal avenues for review; litigation is his absolute last resort.

8

Courts in the District of New Jersey also hold that the importance of open judicial proceedings is outweighed where the disclosure of a Plaintiff's identity would also identify the complainant in the administrative proceeding, as such disclosure would also harm that individual. *Princeton*, *supra,* 2020 WL 3962268 at *5. Thus, factor two weighs in favor of Plaintiff's anonymity, and the Second Factor should be included in the list of factors favoring Doe's Motion.

### C. The Magistrate Judge Erred in Holding That the Third Factor Weighs Against Anonymity

This Court erroneously held that the Third Factor in Megless, 654 F.3d 404, 409, was not in favor of Plaintiff, as disclosure of Plaintiff's identity will dissuade similarly situated plaintiffs from pursuing their claims. Therefore, factor three also weighs in favor of granting Plaintiff's motion. It is true, as this Court acknowledges, that there have been similar cases in which individuals have elected to pursue litigation under their own name. For example, in *Johnson v. Temple Univ*., Civ. No. 12-515, 2013 WL 5298484 (E.D. Pa. Sept. 19, 2013), the plaintiff never sought to proceed anonymously in the first place. The question of anonymity was not before those courts and was never briefed, argued, or adjudicated on the merits. With respect to the mere existence of such cases, the fact that a small handful of plaintiffs have elected to litigate under their real names in the past has no real bearing on the question of whether <u>this</u> Plaintiff should be permitted to proceed by pseudonym, and whether denial of Plaintiff's motion will dissuade similarly situated litigants from pursuing their claims. The relevant questions in the *Megless* analysis are: (i) whether <u>this</u> Plaintiff may be precluded from having his claims adjudicated on the merits absent a grant of anonymity, and (ii) whether similarly situated plaintiffs would be deterred by a ruling against anonymity. *Megless*, 654 F.3d at 410-11. The *Megless* Court concluded that there was no concern over deterring similarly situated plaintiffs in that case because "falsely created suspicious persons alerts" were not a "widespread problem," and thus, there were not likely

9

other plaintiffs to deter. *Id.* at 410. Unfortunately, the problem of false accusations and wrongful adjudications of sexual misconduct in university Title IX proceedings is a fairly widespread issue these days, and thus, there is a concern that denying Doe status here could deter future plaintiffs.

In that regard, the appropriate question is whether similarly situated plaintiffs may be "deterred" from bringing future cases—in other words, whether they would be discouraged—not whether all similarly situated plaintiffs would categorically decline to litigate. For example, in *Bragdon v. Abbott*, 524 U.S. 624 (1998), the plaintiff, who sued under her real name, was HIV-positive. By proceeding all the way to the Supreme Court, the case naturally garnered nationwide publicity. Yet, in many cases since then, courts across the country, including in this circuit and New Jersey state courts, have recognized that HIV-positive individuals are entitled to proceed anonymously in litigation related to their HIV status. *See, e.g.*, *Doe v. Cty. of Ctr., PA*, 242 F.3d 437 (3d Cir. 2001) (parents of child with HIV alleging discrimination in foster care system); *Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001) (inmate who was HIV-positive brought action against prison officials alleging violations of his right to medical privacy); *Doe v. Deer Mountain Day Camp, Inc.*, 682 F. Supp. 2d 324 (S.D.N.Y. 2010) (parent of HIV-positive child alleging discrimination by basketball academy); *Doe ex rel. Doe v. Baxter Healthcare Corp.*, 178 F. Supp. 2d 1003 (S.D. Iowa 2001) (plaintiffs, who contracted HIV from blood factor concentrates manufactured by pharmaceutical corporations, sued corporations anonymously), *aff'd sub nom. Doe v. Baxter Healthcare Corp.*, 380 F.3d 399 (8th Cir. 2004); *Doe v. Arts*, 360 N.J. Super. 492 (App. Div. 2003) (permitting plaintiff who was *incorrectly* diagnosed with HIV to proceed anonymously); *Jones v. OSS Orthopaedic Hosp.*, Docket No. 16-CV-1258, 2016 WL 3683422, at *2 (M.D. Pa. July 12, 2016) ("Jones should be able to pursue this litigation under a pseudonym. . . . Jones has made a substantial showing that disclosure of her identity will result in a social stigma in some quarters of

a type which may, and should, be avoided."). In other words, the fact that some HIV-positive plaintiffs have elected to litigate under their true names in the past has not necessitated that other HIV-positive plaintiffs do the same moving forward.

Following the same logic, there is no principled reason why the election of some students to litigate under their true names should prevent Plaintiff from proceeding anonymously in this case. To the contrary, Plaintiff's counsel notes that the vast majority of cases brought by male university and college students found responsible for sexual assault in Title IX proceedings are done by way of pseudonym, strongly indicating that such plaintiffs would, in fact, be deterred by mandatory identification.

## IV.    Conclusion

For the reasons stated above, the Court should reconsider your Honor's denial of Plaintiff's Motion to Proceed Under Pseudonym, and upon reconsideration, grant the motion, permitting pseudonym treatment for both "John Doe" (the university respondent and Plaintiff here) and "Jane Roe" (the university complainant) and for a protective order against disclosure by any party of the real names of "John Doe" and "Jane Roe." Additionally, if the Court wishes to adhere to the Court's original ruling, Plaintiff requests the portion of the Order mandating dismissal be stayed so that Plaintiff may seek appellate review of what is a collateral order. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

**Dated: New York, New York**
   **January 6, 2023**

         **NESENOFF & MILTENBERG, LLP**

       By: /s/ Diana Warshow
         Diana R. Warshow, Esq. (DZ-8280)
         Andrew T. Miltenberg, Esq.
         (*pro hac vice admission forthcoming*)
         Stuart Bernstein, Esq.
         *(pro hac vice admission forthcoming)*
         363 Seventh Avenue, Fifth Floor
         New York, New York 10001
         T. (212) 736-4500
         dwarshow@nmllplaw.com
         amiltenberg@nmllplaw.com
         sbernstein@nmllplaw.com