**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**LOIS H. GOODMAN**<br>UNITED STATES MAGISTRATE JUDGE | CLARKSON S. FISHER U.S. COURTHOUSE<br>402 EAST STATE STREET<br>ROOM 7050<br>TRENTON, NJ 08608<br>609-989-2114 |

March 30, 2023

## LETTER ORDER

Re:   **JOHN DOE v. THE COLLEGE OF NEW JERSEY**, *et al*.,
       **Civil Action No. 22-5367 (GC)(LHG)**

Dear Counsel:

This matter comes before the Court by way of Plaintiff John Doe's Motion for Reconsideration ("the Motion") [Docket Entry No. 20], in which he asks the Court to reconsider its December 23, 2022 Order ("the Prior Order") [Docket Entry No. 19], denying his Motion to Proceed Under Pseudonym ("Motion for Pseudonym"). Accompanying the Motion is Plaintiff's Memorandum of Law in Support of the Motion for Reconsideration ("Brief in Support") [Docket Entry No. 20-1]. Defendants, The College of New Jersey and Kathryn Foster (collectively, "Defendants"), oppose the Motion ("Opposition") [Docket Entry No. 23].

The Court relies on the underlying facts and procedural history of this case as set forth in the Prior Order and will not restate them in full here. Suffice it to say, Plaintiff brings this lawsuit against Defendants based on their handling of a complaint of sexual misconduct against Plaintiff. Prior Order at 1. Plaintiff filed his Complaint as "John Doe" and subsequently filed a Motion for Pseudonym. The Court denied the Motion for Pseudonym finding that, on balance, the factors set forth by the Third Circuit in *Doe v. Megless,* 654 F.3d 404 (3d Cir. 2011) (the "*Megless* Factors") weighed against allowing Plaintiff to proceed under a pseudonym in this litigation. *See generally* Prior Order.

Relevant to the present Motion are the Court's findings that the second and third *Megless* Factors, namely the bases upon which disclosure is feared or sought to be avoided and the substantiality of those bases (the "Second Factor"), and the public interest in maintaining the confidentiality of the litigant's identity (the "Third Factor"), weighed against granting Plaintiff's Motion for Pseudonym. *Id.* at 5–8. As to the Second Factor, the undersigned found that Plaintiff's fear of stigma and prejudice to his future career and educational prospects were akin to the kind of "embarrassment and economic harm" that did not support allowing the use of a

pseudonym under Third Circuit precedent. *Id.* at 5. The Court then observed that Plaintiff had failed to articulate any argument in support of the Third Factor in the Motion for Pseudonym. *Id.* at 8. Nevertheless, in considering the facts of the case and relevant authority from the Third Circuit, the undersigned found that although the incidents underlying the disciplinary action in this case were sensitive in nature, Plaintiff's status as an alleged perpetrator of sexual assault did not support finding a heightened public interest in concealing his identity. Furthermore, the Court found that denying Plaintiff's request would not necessarily discourage other similarly-situated litigants from bringing suit, particularly since many had chosen to do so in their own name. *Id.* at 8. Considering the nine *Megless* Factors as a whole, the Court found that on balance, the Factors weighed against allowing Plaintiff to proceed under a pseudonym. *Id.* at 12. In light of the decision, the Court ordered Plaintiff to file an Amended Complaint using his actual name. *Id.* at 12–13.

Plaintiff subsequently requested a stay of the Prior Deadlines pending a decision on the instant Motion, which the Court granted. *See* [Docket Entry Nos. 21, 22].

On reconsideration, Plaintiff argues that the Court's reasoning in its Prior Order, especially as it pertains to the Second and Third Factors, was clearly erroneous and would result in manifest injustice. As he did in his Motion for Pseudonym, Plaintiff begins by asserting that various courts across the country have permitted alleged perpetrators of sexual misconduct to proceed under a pseudonym. Brief in Support at 5.

Moving to the *Megless* Factors, Plaintiff first argues that the Court erred in finding that the Second Factor weighed against anonymity. *Id.* at 7–9. He states that his fears from disclosure encompass more than just public humiliation and embarrassment; rather the "nature of consensual sexual relationship and the allegations of sexual assault stemming therefrom are such that Plaintiff will suffer extreme harm throughout his lifetime." *Id.* at 8. Plaintiff further argues that two of the cases this Court relied upon in considering this factor are factually distinguishable. *Id.* (citing *Doe v. Rider Univ.,* Civ. No. 16-4882, 2018 WL 3756950, *8 (D.N.J. Aug. 7, 2018) and *Doe v. Temple Univ.*, Civ. No. 14-04729, 2014 WL 4375613, *2 (E.D. Pa. Sept. 3, 2014)). As to *Rider*, Plaintiff asserts that the court's decision to deny the plaintiff's request to proceed pseudonymously in that case was driven in large part by the plaintiff's decision to speak to the media about the case and because the defendant argued it would be prejudiced if the court granted the plaintiff's request. As neither factor is present in the instant case, the *Rider* decision is distinguishable. *Temple* is also distinguishable as the plaintiff there chose to pursue litigation before exhausting all internal avenues for appeals; in contrast, Plaintiff sought to appeal internally before bringing this litigation. Brief in Support at 8.

Plaintiff also contends that the Court erred in its analysis of the Third Factor, and specifically in finding that denying Plaintiff's Motion for Pseudonym would not deter similarly-situated plaintiffs from bringing suit because many had already chosen to do so in their own name. *Id.* at 9–11. Citing cases involving HIV-positive litigants to draw a parallel, he argues that HIV-positive litigants are routinely permitted to proceed under pseudonym even though some have chosen to proceed in their own name. In essence, Plaintiff insinuates that this Court erred in holding against Plaintiff's request the fact that some alleged perpetrators of sexual misconduct

choose to proceed in their own name. *Id.* at 10–11.

Defendants oppose on both procedural and substantive grounds. They first argue that the Court should deny the Motion as untimely under Local Rule 7.1(i) as it was filed 15 days after the entry of the Order rather than 14 days. Opposition at 4. Specifically, although Plaintiff submitted the instant Motion to the undersigned and all counsel of record via e-mail on January 6, 2023, he only filed the instant Motion formally on the Court's docket the next day. Defendants also argue that the Motion does not meet the strict standards for reconsideration. *Id.* at 8. Addressing Plaintiff's arguments regarding Court's analysis of the Second Factor, Defendants assert that the existence of some distinguishable facts in the cases the Court relied upon does not mean that those cases are inapposite. *Id.* at 9–10. Furthermore, the Court should deem Plaintiff's arguments regarding the Third Factor waived given that Plaintiff failed to raise any argument in support of this factor in the Motion for Pseudonym. *Id.* at 10. Even if the Court considers Plaintiff's arguments, the Court should nevertheless deny reconsideration because Plaintiff fails to address the cases the Court relied upon in analyzing the Third Factor and fails to explain how the Court's analysis constitutes clear error of law. *Id.* at 10–12.

Before addressing the substance of the Motion, the undersigned briefly addresses Defendants request that the Court deny reconsideration because Plaintiff filed the Motion one day after the timeframe permitted by Local Civil Rule 7.1. *See* Opposition at 4; L. Civ. R. 7.1 (i). The Court declines to impose such a drastic penalty, especially where Plaintiff ensured that all parties received copies of the Motion via email by the Court's deadline when technical issues prevented him from filing the same on the Court's docket. The undersigned therefore will not deny the Motion on these procedural grounds and instead considers the Motion on the merits.

Local Civil Rule 7.1 governs motions for reconsideration. Rule 7.1(i) directs the party seeking reconsideration to file "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Church & Dwight Co. v. Abbott Labs.*, 545 F. Supp. 2d 447, 450 (D.N.J. 2008) (a party may seek reconsideration where the prior decision overlooked a factual or legal issue that might alter the disposition). "The word 'overlooked' is the operative term in the Rule." *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). A motion for reconsideration is not a vehicle "to ask the Court to rethink what it has already thought through—rightly or wrongly." *Watkins v. DineEquity, Inc.,* Civ. No. 11-7182, 2013 WL 396012, *2 (D.N.J. Jan. 31, 2013), *aff'd*, 591 Fed. Appx. 132 (3d Cir. 2014). Thus, where a party merely disagrees with the decision, it must address that disagreement through the appellate process, not on a motion for reconsideration. *S.C. ex rel. C.C. v. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

Courts have identified three circumstances where reconsideration may be justified: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent injustice." *Id.* To prevail under the third prong, a movant "must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Atkinson v. Middlesex Cnty.,* Civ. No. 09-4863, 2014 WL 2767771, *2 (D.N.J. June 18, 2014) (quoting *D'Argenzio v. Bank of Am. Corp.,* 877 F. Supp. 2d 202, 207 (D.N.J. 2012)), *aff'd*, 610 Fed. Appx. 109 (3d Cir. 2015). A recapitulation of the cases

and arguments previously considered by the court does not meet that burden. *S.C. ex rel. C.C.*, *supra,* 248 F. Supp. 2d at 381. Thus, a motion under the Rule may not be used to raise arguments that could have been, but were not, brought before the Court in the first instance. *Atkinson*, *supra*, 2014 WL 2767771 at *3 (a motion for reconsideration "is not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment"). Furthermore, the movant must show that the holding lacked support in the record or "would result in manifest injustice if not addressed." *Atkinson*, *supra*, 2014 WL 2767771 at *2. Reconsideration is an extraordinary remedy and is therefore granted only sparingly. *Watkins, supra,* 2013 WL 396012 at *2

Guided by the three factors articulated in *S.C. ex rel. C.C.*, the Court finds that Plaintiff has not asserted a change in controlling law or the existence of new evidence that was previously unavailable. The Court therefore focuses on the third factor, the need to correct a clear error or prevent manifest injustice. In so doing, the undersigned considers whether Plaintiff raised "dispositive factual matters or controlling decisions of law" that the Court overlooked in deciding the Motion for Pseudonym. *Atkinson, supra,* 2014 WL 2767771 at *2.

The Court first addresses Plaintiffs assertion that courts across the country routinely permit similarly situated plaintiffs to proceed pseudonymously. Brief in Support at 6–7. Plaintiff raised the same argument in his Motion for Pseudonym, but at that time, the undersigned noted that Plaintiff focused solely on authority from other Circuits in support. Prior Order at 5. On reconsideration, he now cites three decisions from this Circuit in support. Not only is the inclusion of these cases for the first time on reconsideration inappropriate, but the cases themselves in no way support a finding of clear error in the Court's Prior Order. In these cases, the court either grants a litigant's request to proceed under a pseudonym for reasons other than the litigant's status as an alleged perpetrator of sexual assault or does not address such a request at all. *See Doe v. Middlesex Cnty.,* Civ. No. 20-8625, 2021 WL 130480, *1–6 (D.N.J. Jan. 14, 2021) (allowing a victim of an alleged traumatic birth experience to proceed under pseudonym where, on balance, the *Megless* Factors weighed in favor of anonymity); *Doe v. Princeton,* Civ. No. 20-4352, 2020 WL 3962268, *2–6 (D.N.J. July 13, 2020) (allowing the plaintiff to proceed under pseudonym where the *Megless* Factors tipped in favor of anonymity based on the plaintiff's status as an alleged victim of intimate partner violence, and not based on his status as an alleged perpetrator of sexual assault); *Doe v. Univ. of Scis.*, 961 F.3d 203 (3d. Cir. 2020) (identifying the appellant by way of pseudonym in an appeal from the district court's dismissal of his complaint, but providing no discussion of the *Megless* Factors). The Court reads Plaintiff's argument as saying that since similarly-situated plaintiffs are permitted to proceed pseudonymously in many cases, the undersigned should permit Plaintiff to as well. The *Megless* Factors, however, are fact-sensitive; even if a plaintiff in one case is permitted to proceed under a pseudonym based on a balancing of these factors, it does not necessarily mean that every similarly-situated plaintiff should necessarily be permitted to proceed under pseudonym, especially where the facts of the case differ. Plaintiff's argument does not reflect any error in the Court's decision, and therefore, the Court will not grant reconsideration on this basis.

Moving to the Second Factor, Plaintiff contends that the Court erred in finding that his fears from disclosure were akin to public humiliation and embarrassment. Rather, Plaintiff will

"suffer extreme harm throughout his lifetime" based on the allegations of sexual assault. Brief in Support at 8. Although Plaintiff reframes his fears from disclosure, it is essentially the same fears from disclosure that the Court already considered and rejected in its Prior Order. *See* Prior Order at 4–5 (discussing Plaintiff's fears that disclosure would negate any success in the litigation, would subject him to threats, ridicule, and jeopardize future endeavors, and Plaintiff would be subject to social stigmatization). The Court further rejects Plaintiff's position that the *Rider* and *Temple* cases are not persuasive authority because they contain some facts that are distinguishable. The distinguishing facts Plaintiff focuses on did not factor in the *Rider* and *Temple* courts' respective analyses of the Second Factor. *See, e.g., Rider, supra,* 2018 WL 3756950 at *8 (considering the plaintiff's engagement with the media in the analysis of the first *Megless* factor and not the Second Factor); *Temple, supra,* 2014 WL 4375613 at *2 (the plaintiff's failure to exhaust internal appeals not considered in addressing the Second Factor). In fact, Plaintiff fails to altogether discuss the *Rider* and *Temple* courts' analyses of the Second Factor, both of which are consistent with the undersigned's analysis in the Prior Order. *Compare* Prior Order at 5–7 *with Rider, supra,* 2018 WL 3756950 at *4 *and Temple, supra,* 2014 WL 4375613 at *2. Ultimately, Plaintiff does not point to any dispositive facts or controlling decisions that the Court did not previously consider regarding the Second Factor. Instead, his arguments for reconsideration largely amount to a disagreement with the prior decision, "ask[ing] the Court to rethink what it has already thought through." *S.C. ex rel. C.C., supra*, 248 F. Supp. 2d at 381. The Court finds no clear error in its analysis of the Second Factor in its Prior Order.

As to the Court's analysis of the Third Factor, Plaintiff claims that the undersigned erred in finding that a denial of Plaintiff's Motion for Pseudonym would not deter similarly-situated litigants. Brief in Support at 9–11. Plaintiff never addressed the Third Factor in his Motion for Pseudonym; the Court cannot have overlooked what was never put before it, and therefore, this argument is not appropriately raised on reconsideration. *Atkinson, supra*, 2014 WL 2767771, at *3 (a motion for reconsideration "is not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment").

Even if the Court considers Plaintiff's arguments regarding the Third Factor, the undersigned finds no basis to grant reconsideration. The Court reached its decision after a careful examination of the relevant case law from this Circuit and the facts of this case to find that the Third Factor did not weigh in support of allowing Plaintiff to proceed under a pseudonym. Plaintiff now asserts that the Court erred but does not address any of the cases the Court considered or point to any controlling decisions or dispositive facts the Court overlooked. Instead, he devotes his entire argument to cases involving HIV-positive litigants to illustrate that movants should not be denied the opportunity to proceed anonymously just because some similarly-situated litigants choose to proceed in their own name. Of all the cases Plaintiff cites in support of this position, however, only one case discusses a request to proceed under a pseudonym. *See Jones v. OSS Orthopaedic Hosp.,* Civ. No. 16-1258, 2016 WL 3683422 (M.D. Pa. July 12, 2016). *Jones*, however, involves HIV-positive litigants, and is distinguishable on that basis alone. More important, this decision provides no insight into the court's analysis of the Third Factor, and therefore, does not draw into question this Court's analysis in the instant case nor suggest that it was error on the undersigned's part to consider whether similarly-situated litigants proceed in their

own name. *See id.* at *2.  Accordingly, the Court finds no clear error in its analysis of the Third Factor in its Prior Order.

Ultimately, Plaintiff does not present any factual or legal issues that were previously before the Court but were not considered.  Nor does it direct the undersigned to any controlling law that the Court overlooked in reaching its decision.  Instead, Plaintiff essentially disagrees with the Court's ruling, and seeks to present new arguments not previously before the Court.  Thus, Plaintiff offers the Court no basis to find that there is a "need to correct a clear error of law or fact or to prevent manifest injustice."  The Court reached its underlying decision after a thorough review of the parties' arguments, the facts presented, and the controlling law.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration [Docket Entry No. 20] is denied, and that the Clerk's Office is instructed to lift the stay in this case. It is further **ORDERED** that Plaintiff is to file an Amended Complaint removing any references to himself as "John Doe" or "Doe" and inserting his actual name instead, within 21 days of entry of this Order.  Finally, it is further **ORDERED** that upon Plaintiff filing the Amended Complaint, the Clerk's Office shall update the case caption to reflect Plaintiff's full name.

**IT IS SO ORDERED.**

**LOIS H. GOODMAN**
**United States Magistrate Judge**