

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

**State of New Jersey**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 Market Street
PO Box 116
Trenton, NJ 08625

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

April 24, 2023

**Via ECF only**
The Honorable J. Brendan Day, U.S.M.J.
United States District Court for the District of New Jersey (Trenton)

    Re: *Doe v. The College of New Jersey, et al.*
         Civil Action No.: 22-cv-3283

    **TCNJ Defendants' Response to Court's Order (ECF 32)**

Dear Judge Day,

This Office represents Defendants The College of New Jersey and Kathryn Foster in the above-captioned matter (hereinafter, collectively, "TCNJ Defendants"). Please accept this letter as TCNJ Defendants' response to the Court's Docket Text Order No. 32, directing the respective parties to address two issues.[1]

In short, (1) this Court retains jurisdiction to conduct further pre-trial proceedings; (2) TCNJ Defendants do not oppose and/or would consent to a request from Plaintiff to the District Court to stay the matter (as set forth in Plaintiff's letter, ECF 33), pending Plaintiff's appeal to the Third Circuit of this Court's March 31, 2023 Order denying Plaintiff's Motion for Reconsideration.

---

[1] First, the Court's jurisdiction to conduct further pre-trial proceedings (continuing the interim use of a pseudonym) while the Plaintiff's appeal of the Court's Order of 3/30/2023 (ECF No. 24 ) is pending.

Second, if the Court retains jurisdiction to proceed, the parties' positions as to whether the Court should conduct further pre-trial proceedings, or alternatively should stay further proceedings, while the appeal is pending.

[See ECF 32].



25 MARKET STREET • TELEPHONE: 973-648-7811 • FAX: 973-648-7782
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

1. **The District Court retains jurisdiction to conduct further pre-trial proceedings.**

    The filing of a notice of appeal in the Third Circuit divests the district court of jurisdiction over the matters set forth in the appeal. *See e.g., Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros.*, 198 F.3d 391, 394 (3d Cir. 1999) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

    However, exceptions to the jurisdictional rule in *Griggs* allow the district court to retain jurisdiction to issue orders: staying, modifying, or granting injunctive relief, to review applications for attorney's fees, to direct the filing of supersedeas bonds, to correct clerical mistakes, to issue orders affecting the record on appeal, and the granting or vacating of bail. *Sheet Metal Workers' Int'l Ass'n Local 19*, 198 F.3d at 394 (citing *Bensalem Township v. International Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 & n. 9 (3d Cir.1994) (string citations omitted).

    Accordingly, here, regardless of whether a jurisdictional defect is ultimately found by the Third Circuit as to Plaintiff's respective appeal,[2] this Court retains jurisdiction to conduct further pre-trial proceedings (continuing the interim use of a pseudonym) pending Plaintiff's appeal in the Third Circuit. At the very least, pursuant to *Griggs*, the District Court expressly retains jurisdiction to consider a motion to stay proceedings and issue a corresponding order.

2. **The District Court should limit its retained jurisdiction to consider a stay of further proceedings.**

    TCNJ Defendants take the position that the District Court should exercise its retained jurisdiction to consider a stay of further proceedings pending Plaintiff's appeal to the Third Circuit. More specifically, TCNJ Defendants do not oppose and/or would consent to a request from Plaintiff to stay the matter (as set forth in Plaintiff's letter requesting a stay of proceedings, ECF 33).

    Finally, this Court should limit its exercise of retained jurisdiction to a stay of proceedings to avoid confounding the jurisdictional issues, notwithstanding the District Court's retained jurisdiction to conduct further pre-trial proceedings (e.g., to issue orders affecting the record on appeal). TCNJ Defendants' position, particularly

---

[2] On April 13, 2023, the following Third Circuit Court of Appeals Clerk's Order appeared on the docket (No. 4): "ORDER (Clerk) advising that the case has been listed for possible dismissal due to jurisdictional defect. (CLW) [Entered: 04/13/2023 10:57 AM]."

at this juncture, is that this limited exercise of jurisdiction by the District Court would be the most prudent course of judicial action. In other words, the Court should refrain from considering Plaintiff's appeal of the Magistrate Judge's Decision to the District Court (ECF 31) until the Third Circuit renders a decision as to the jurisdictional defect (or, of course, if Plaintiff withdraws his appeal to the Third Circuit).

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

　/s/ *Thai L. Nguyen*　

Thai L. Nguyen ▪ NJ Attorney ID#328582020
Deputy Attorney General

CC:　All counsel of record, via electronic filing.