

| Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
|---|---|---|
| Andrew T. Miltenberg | Gabrielle M. Vinci | Diana R. Warshow |
| | Nicholas E. Lewis | Kara L. Gorycki |
| Stuart Bernstein | Regina M. Federico | Susan E. Stark |
| Tara J. Davis | Amy Zamir | Janine L. Peress |
| | Suzanne Dooley | *Senior Litigation Counsel* |
| | Kristen Mohr | |
| | | Jeffrey S. Berkowitz |
| | | Rebecca C. Nunberg |
| | | *Counsel* |
| | | |
| | | Marybeth Sydor |
| | | *Title IX Consultant* |

ATTORNEYS AT LAW

nmllplaw.com

April 24, 2023

**VIA ELECTRONIC FILING**
Hon. Michael A. Shipp
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:**   ***John Doe v. The College of New Jersey, et. al.***
> **Civil Action No. 3:22-cv-03283**

Dear Judge Shipp,

We write on behalf of Plaintiff John Doe ("Plaintiff" or "Doe"). On April 14, 2023, this Court entered a text order directing the parties to submit a letter addressing (i) this Court's jurisdiction to conduct further pre-trial proceedings while Plaintiff's appeal of the Court's March 30, 2023 Order is pending; and (ii) the parties' positions as to whether the Court should conduct further pre-trial proceedings or stay the proceedings while Plaintiff's appeal is pending (ECF No. 32). In light of the Court's text order, Plaintiff submits this letter to respectfully request that this Court stay further proceedings pending Plaintiff's appeal.

This Court may, in its discretion, "suspend, modify, restore or grant an injunction during the pendency of appeal." Fed.R.Civ.P. 62(c). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Nken v. Holder,* 556 U.S. 418, 421 (2009) ("it 'has always been held, ... that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal.'"). "A stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it." *Nken v. Holder,* 556 U.S. at 421.



In determining whether to grant a stay pending appeal, Courts consider the following factors: (1) whether the moving party has shown a reasonable probability of success on the merits; (2) whether the moving party will be irreparably injured by a denial of relief; (3) whether granting relief will substantially harm the non-moving party; (4) whether granting the stay would be in the best interest of the public. *Republic of Philippines v. Westinghouse Elec. Corp.,* 949 F.2d 653, 658 (3d Cir. 1991) (citing *Hamilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Each factor should be analyzed in light of the specific facts of the individual case at issue. *Republic of Philippines v. Westinghouse Elec. Corp.,* 949 F.2d at 658.

"In deciding how strong a case a stay movant must show, [the Third Circuit has] viewed favorably what is often referred to as the 'sliding-scale' approach." *In re Revel AC, Inc.,* 802 F.3d 558, 569 (3d Cir. 2015) (citing *Constructors Ass'n of W. Pa. v. Kreps,* 573 F.2d 811, 815 (3d Cir.1978). "Under it, '[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors.'" *In re Revel AC, Inc.,* 802 F.3d 558, 569 (3d Cir. 2015) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)). As the Third Circuit has explained:

> [I]n a situation where factors of irreparable harm, interests of third parties and public considerations strongly favor the moving party, an injunction might be appropriate even though plaintiffs did not demonstrate as strong a likelihood of ultimate success as would generally be required. In contrast, where the threatened irreparable injury is limited or is balanced to a substantial degree by countervailing injuries which would result to third parties, or to the public interest from the issuance of an injunction, greater significance must be placed upon the likelihood that the party will ultimately succeed on the merits of the litigation.

*Id.* (quoting *Constructors Ass'n of W. Pennsylvania v. Kreps*, 573 F.2d at 815); *see also Mohammed v. Reno*, 309 F.3d at 101 ("The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff[ ] will suffer absent the stay. Simply stated, more of one excuses less of the other.").

Respectfully, plaintiff has sufficiently demonstrated each factor required for a stay. First, the public interest favors staying the proceedings. Indeed, "judicial economy considerations [are] a distinct, cognizable public interest." *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402 (3d Cir. 2017). Where an appeal has been initiated in another tribunal, judicial economy favors a stay



in order to "avoid duplicative litigation." *Se. Power Grp., Inc. v. SAP Am., Inc.,* No. 2:20-CV-00398-JMG, 2020 WL 4805352, at *3 (E.D. Pa. Aug. 18, 2020). Further, "[t]he doctrine of comity 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" *Id.* (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). As this case is still in its infancy, and discovery has not yet begun, it makes little sense to press on with litigation and expend resources while an interlocutory appeal is pending. In that same light, Defendant will not be harmed by staying the proceedings. Although a stay of proceedings will delay the case pending the outcome of Plaintiff's appeal, "delay alone does not prejudice a party." *Langenberg v. Papalia*, 2014 WL 4792125, at *2 (W.D. Pa. Sept. 24, 2014). Staying the proceedings will not alter the course of this litigation. The parties will simply be able to direct their resources to briefing the matter in the Third Circuit before proceeding in the instant litigation.

Additionally, Plaintiff has demonstrated sufficient likelihood of success on the merits of his appeal. Indeed, Plaintiff has set forth numerous factors in both his appeal to the Third Circuit and his appeal of the Magistrate Judge's decision which present serious questions going to the merits, and which have been deemed sufficient by courts throughout the country to grant pseudonym status. Finally, Plaintiff will face harm if a stay is not granted because, even if permitted to proceed under a pseudonym during the pendency of the appeal, Plaintiff will be required to expend resources to conduct discovery, which may become moot if he is not granted pseudonym status and potentially chooses not to proceed under his legal name.

In light of the foregoing factors, Plaintiff respectfully requests that a stay of proceedings be granted in this case during the pendency of Plaintiff's appeal.

Thank you for your consideration and attention to this matter.

Very truly yours,

NESENOFF & MILTENBERG, LLP

By:   /s/ *Diana Warshow*
        **Diana R. Warshow, Esq.**
        **(DZ-8280)**



**April 24, 2023**
**Page 4 of 4**

**dwarshow@nmllplaw.com**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**

cc: Counsel of Record, via ECF